Robert Pauw, WSBA No. 13613
GIBBS HOUSTON PAUW
1000 Second Avenue, Suite 1600
Seattle, WA  98104-1003
Phone: (206)682-1080
Fax:      (206)689-2270
Email:  rpauw@ghp-law.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Jian Wei (Bruce) Sui | CASE NO. |
| Plaintiffs, | COMPLAINT |
| v. | |
| United States Citizenship and Immigration Services; Federal Bureau of Investigation; Jill A. Eggleston, Director of USCIS FOIA Operations; David Hardy, Section Chief of the Records Management Division of the FBI; Kirstjen M. Nielsen, Secretary of the Department of Homeland Security; Jefferson Sessions, Attorney General of the United States | |
| Defendants. | |

## I.    INTRODUCTION

1.      Plaintiff, Jian Wei (Bruce) Sui, brings this action pursuant to the Freedom of Information Act ("FOIA"), the Administrative Procedure Act ("APA"), and the Due Process Clause of the Constitution.

2.      Mr. Sui is a lawful permanent resident of the United States.  He has applied for

naturalization.   Defendant United States Citizenship and Immigration Services ("USCIS") has denied Mr. Sui's naturalization application based on an allegation that before he was admitted to the United States he was engaged in an alien smuggling scheme.   That allegation is false.   USCIS claims to have documents from the FBI supporting the allegation.   However, that adverse evidence that has been withheld from Mr. Sui.

3.      Mr. Sui has submitted FOIA requests to USCIS and to the FBI in an effort to obtain copies of the adverse evidence.   The Defendants have failed to timely respond to Plaintiff's FOIA requests and have unlawfully withheld the documents requested.

4.      The actions of the Defendants constitute a violation of the FOIA and a violation of Due Process.   Mr. Sui seeks an order compelling USCIS and the FBI to produce documents that have been requested so that he can effectively respond to the alleged adverse evidence.

## II.     Parties

5.      Plaintiff Jian Wei (Bruce) Sui is a citizen of the Peoples Republic of China. He currently resides in Seattle, Washington.

6.      Defendant U.S. Citizenship and Immigration Services maintains the records requested by Plaintiff Bruce Sui, and is the agency that decides whether to release or withhold documents requested by Mr. Sui.

7.      Defendant Federal Bureau of Investigation maintains the records requested by Plaintiff Bruce Sui, and is the agency that decides whether to release or withhold documents requested by Mr. Sui.

8.      Defendant Jill A. Eggleston is the Director of USCIS FOIA Operations.   She has the authority to make decisions regarding what documents to release in response to FOIA requests submitted to USCIS.   Defendant Eggleston is sued in her official capacity.

9.      Defendant David Hardy is the Section Chief of the Records Management Division of the Federal Bureau of Investigation.  He has the authority to make decisions regarding what documents to release in response to FOIA requests submitted to the FBI.  Defendant Hardy is sued in his official capacity.

10.      Defendant Kirstjen M. Nielsen is the Secretary of the Department of Homeland Security.  She has the ultimate authority to make decisions regarding what documents to release in response to FOIA requests submitted to USCIS.  Defendant Nielsen is sued in her official capacity.

11.      Defendant Jefferson Sessions is the Attorney General of the United States.  He has the authority to make decisions regarding what documents to release in response to FOIA requests submitted to the FBI.  Defendant Sessions is sued in his official capacity.

### III.      FACTUAL BACKGROUND

12.      Bruce Sui is a citizen of the People's Republic of China.  In January 1991 he entered Saipan, the principal island and commercial center of the Commonwealth of the Northern Mariana Islands (CNMI).  Mr. Sui was authorized to work in a Chinese printing company operating in Saipan.

13.      Through his involvement with a local church, Mr. Sui became aware of labor abuses in the Saipan garment industry.  He provided assistance to the CNMI Department of Labor in its investigation into labor law violations by various Chinese-owned garment manufacturing companies.  Mr. Sui was at enormous risk because of his assistance to the CNMI Department of Labor in its investigation.

14.      Chinese officials became aware of Mr. Sui's assistance in the investigation into labor abuses.  As a result, Mr. Sui's employment at the printing company was terminated.  A

Chinese official threatened Mr. Sui that he would be deported to China and put in prison for twenty years.

15.     Because of Mr. Sui's assistance in the investigation into labor law violations, the CNMI protected Mr. Sui. The CNMI did not deport Mr. Sui to China, but rather allowed him to remain in Saipan with work authorization. Mr. Sui opened a business that sold tires and repaired cars.

16.     Mr. Sui continued to provide assistance to the CNMI Department of Labor in their investigation into labor abuses. In or about December 1995 Mr. Sui was recruited to tape interviews with garment factory workers to document the abuses. Mr. Sui provided this assistance. He assisted in the production of a show that was aired on the television show "20/20".

17.     In or about November 1997, Mr. Sui was introduced to Tom Gray, a U.S. citizen working for the United States Department of Interior. Mr. Sui assisted the United States Department of Interior with its investigation into illegal activities by Chinese garment manufacturing companies operating in Saipan.

18.     Mr. Sui's assistance put him at great personal risk of retaliation by the Chinese government and by Chinese persons operating these garment companies. During this investigation, the CNMI continued to provide protection to Mr. Sui.

19.     In November or December 1997, Zhao Hui, a Chinese national, appeared at Mr. Sui's tire shop and offered to pay Mr. Sui $200 if he would provide a taxi service, using his (Mr. Sui's) car to pick up some individuals and take them to a nearby hotel. Mr. Sui agreed. In two trips, he picked up about seven or eight men and dropped them off at the hotel.

20.     The next day several of the men came back to Mr. Sui and demanded that he repay money they had paid to Mr. Hui. They threatened to kill Mr. Sui if he did not return the money. Mr. Sui discovered that Mr. Hui was involved in a scheme to smuggle individuals to Guam. Mr.

Sui learned that Mr. Hui took the money that had been paid to him and then he disappeared. That was the first time Mr. Sui had any knowledge that there was a smuggling conspiracy going on.

21.     Mr. Sui contacted the office of the U.S. Federal Bureau of Investigations on Saipan to report the smuggling conspiracy and the threats made against his life.

22.     In March 1998 Mr. Sui was paroled into the United States to testify before Congress. On March 31, 1998, Mr. Sui testified before Congress concerning the illegal activities of Chinese-owned garment manufacturing companies on Saipan. As a result of this testimony, Mr. Sui was at enormous risk of being imprisoned, tortured, and even killed if he returned to China.

23.     In January 1999 Mr. Sui filed an application for asylum. The Immigration and Naturalization Service (the predecessor agency of USCIS) approved this application on June 20, 2000.

24.     On or about January 25, 2002, Mr. Sui filed an application for adjustment of status to permanent resident of the United States. USCIS then began a lengthy investigation into Mr. Sui's background, and specifically into whether Mr. Sui had been involved in the alien smuggling scheme in Saipan in November 1997.

25.     On January 6, 2009, USCIS issued a Notice of Intent to Terminate Mr. Sui's asylum status based on the allegation that he was involved in alien smuggling in Saipan. On the same date the Department of Homeland Security commenced removal proceedings against Mr. Sui in the Immigration Court in Seattle, alleging that he should be deported from the United States because he had assisted in the alien smuggling scheme.

26.     The allegations that Mr. Sui was involved in an alien smuggling scheme are false.

27.     The Department of Homeland Security was not able to provide credible evidence that Mr. Sui had ever assisted in alien smuggling, and on February 11, 2010 the Immigration Judge terminated removal proceedings.

28.     On August 3, 2010, Mr. Sui's application for adjustment of status, which had been pending for over eight years, was finally approved and Mr. Sui was granted permanent resident status.

29.     Mr. Sui has lived in the United States as a permanent resident since that time.  He has worked hard to support his wife and family.  He has never been convicted of any offenses.

30.     On June 26, 2014, Mr. Sui filed an application for citizenship.  Mr. Sui appeared for a naturalization interview on April 2, 2015.  After the interview USCIS referred Mr. Sui's application to the Fraud Detection and National Security department of USCIS (FDNS) for another investigation into the alien smuggling charge.

31.     FDNS sought information from the FBI concerning the smuggling incident that occurred in November 1997.  On information and belief, FDNS received documents from the FBI regarding this incident.

32.     On March 1, 2016, USCIS denied Mr. Sui's application for naturalization based on an allegation that he was involved in alien smuggling.  Mr. Sui has filed an administrative appeal from this decision.  The administrative appeal is still pending and no final decision has been made on his application for naturalization.

33.     On March 28, 2016, Mr. Sui filed a FOIA request with USCIS asking for copies of all information held by USCIS concerning him.

34.     USCIS failed to respond to the FOIA request in a timely manner.

35.     To date, USCIS has not produced all of the documents requested by Mr. Sui, and has withheld documents that are not subject to any exemption under the FOIA.

36.     On August 22, 2017, Mr. Sui filed a FOIA request with the FBI for copies of any and all records pertaining to Mr. Sui.

37.     The FBI failed to respond to the FOIA request in a timely manner.

38.    To date, the FBI has not produced the documents requested by Mr. Sui.

39.    Because of the failure of the Defendants to properly produce copies of the documents that have been requested, Mr. Sui is unable to adequately respond to the adverse evidence that USCIS is relying on in denying his application for naturalization.

## IV.    JURISDICTION

40.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) (Freedom Of Information Act) and 28 U.S.C. §1331 (federal question).   The Administrative Procedure Act, 5 U.S.C. 551, *et seq*., applies to this action.

## V.    VENUE

41.    Venue is proper in the Western District of Washington under 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. § 1391(e). This case is a civil action in which the Defendants are officers or employees of the United States or an agency thereof.  A substantial part of the events or omissions giving rise to the claim occurred within this judicial district.  Plaintiff Bruce Sui resides in Washington State, and this action does not involve real property.

## VI.    CLAIMS FOR RELIEF

**COUNT 1 - VIOLATION OF THE FOIA: FAILURE TO PROVIDE RECORDS**

42.    Plaintiffs reallege, as if fully set forth herein, paragraphs 1-41 above.

43.    The failure of the Defendants to respond in a timely manner to the FOIA requests submitted by Plaintiff Bruce Sui, and the withholding of the documents requested by Mr. Sui under the FOIA, constitutes a violation of 5 U.S.C. §552(a).

**COUNT 2 - VIOLATION OF THE FOIA: FAILURE TO PROVIDE WRITTEN NOTICE**

44.    Plaintiffs reallege, as if fully set forth herein, paragraphs 1-41 above.

45.    The failure of Defendants to notify Plaintiff Bruce Sui of the "unusual circumstances" that prevented Defendants from processing his FOIA request within the 20-day

statutory limit constitutes a violation of 5 U.S.C. §552(a)(6)(B) and 6 C.F.R. §5.5(c)(1).

**COUNT 3 - VIOLATION OF THE APA: UNLAWFUL DELAY**

46.     Plaintiffs reallege, as if fully set forth herein, paragraphs 1-41 above.

47.     By failing to respond to the FOIA requests submitted by Plaintiff Bruce Sui, and by withholding the documents requested, the Defendants have unlawfully withheld and unreasonably delayed agency action, in violation of Administrative Procedure Act, 5 U.S.C. §§702, 704 and 706.

**COUNT 4 - VIOLATION OF DUE PROCESS**

48.     Plaintiffs reallege, as if fully set forth herein, paragraphs 1-41 above.

49.     The failure of the Defendants to provide copies of the documents requested by Plaintiff Bruce Sui before making a decision on his application for naturalization constitutes a violation of the Due Process clause of the Constitution.

## VII.     REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter Judgment for the following relief:

A.  Find that Defendants violated 5 U.S.C. §552(a)(6)(A) by failing to provide a timely response to the Plaintiffs' FOIA requests;

B.  Find that Defendants violated 5 U.S.C. §552(a)(6)(B) and 6 C.F.R. §5.5(c)(1) by failing to provide notice, within 20 days, of the "unusual circumstances" that prevented Defendants from processing Plaintiffs' FOIA requests;

C.  Find that Defendants have violated 5 U.S.C. §552(a) by improperly withholding documents requested by Plaintiff Bruce Sui;

D.  Order Defendants to conduct an adequate search for all agency records responsive to

Plaintiffs' FOIA Requests within ten working days of the date of the Court's Order;

E.  Enjoin Defendants from withholding any and all nonexempt records responsive to Plaintiffs' FOIA requests;

F.  Order Defendant DHS to provide a copy of any adverse information it is relying on in making a decision on Plaintiff Sui's application for naturalization;

G.  Award Mr. Sui the costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E) and/or pursuant to the Equal Access to Justice Act;

H.  Grant such other relief at law and in equity as the Court may deem just and proper.

Respectfully submitted,

By:  ___/s/  Robert Pauw_____
Robert Pauw
Attorney for Plaintiff
Gibbs Houston Pauw
1000 2nd Ave, Suite 1600
Seattle, WA 98104
(206) 682-1080

Dated:  ___January 24, 2018_____

COMPLAINT - 9